FILED
2018 Oct-04 AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KEITH WHATLEY, | } |
| Plaintiff, | } |
| v. | } Case No.: 7:18-CV-924-RDP |
| TOWN OF WEST BLOCTON, et al., | } |
| Defendants. | } |

**MEMORANDUM OPINION**

This case is before the court on Defendants' Motion to Dismiss Plaintiff's Complaint. (Doc. # 5). The Motion has been fully briefed (*see* Docs. # 7, 11-12), and is ripe for decision. After careful review, and for the reasons explained below, the court concludes that Plaintiff's Complaint is due to be replead.

**I.  Background**

Plaintiff was employed as the Police Chief of the Defendant Town of West Blocton ("the Town"). (Doc. # 1 ¶ 11). When Defendant Daniel Simms ("Simms") was elected Mayor of the Town, he declined to reappoint Plaintiff and terminated him on November 8, 2016. (*Id.* at ¶¶ 14-15). Plaintiff asserts that his termination was "without cause" and occurred only because Defendant Simms "wanted to go in another direction." (*Id.* at ¶¶ 15-16).

Plaintiff contends that prior to his termination he did not receive written notice, no city council hearing took place, and he was not removed by a 2/3 vote of the city council. (*Id.* at ¶¶ 17-20). In fact, he claims he was afforded no opportunity to contest the termination decision. (*Id.* at ¶ 21). When asked if he would be given a hearing, Defendant Simms replied that Plaintiff was not terminated, but "simply not reappointed and he would not be afforded a hearing." (*Id.* at ¶ 24).

1

However, he asserts that the Alabama Peace Officers Standards & Training Commission (APOSTC) "shows Plaintiff was 'fired' as of November 18, 2016." (*Id.* at ¶ 25).

Additionally, he alleges Defendant Simms spoke to the Centreville Press and made several statements about Plaintiff, which were defamatory. (*Id.* at ¶ 26). The article ran on November 16, 2017. (*Id.* at ¶ 27).

## II. Standard of Review

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that all of the well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

## III. Analysis

Plaintiff raises three claims against Defendants. In Count One, he alleges that Simms and the Town violated his Fourteenth Amendment right to procedural due process because he was deprived of a property interest in his position as Chief of Police without notice and an opportunity to be heard. (Doc. # 1 ¶¶ 29-39). In Counts Two and Three, he alleges two state claw claims against Defendants, relying upon this court's supplemental jurisdiction under 28 U.S.C. § 1367. Specifically, he claims that Simms made defamatory statements about him to the Centreville Press, constituting defamation, libel, slander, and invasion of privacy. (Doc. # 1 ¶¶ 40-50). He also claims the Town is liable under the doctrine of *respondeat superior*.

In their Motion to Dismiss, Defendants seek dismissal of Plaintiff's constitutional claim on two grounds. First, Defendants argue that Plaintiff did not suffer a procedural deprivation when he lost his job because he had no protected property interest in his position because that position "expired" upon the election of a new town mayor. (Doc. # 7 at 5-6; Doc. # 12 at 3-5). Alternatively,

Defendants assert that even if Plaintiff did have a property interest in his position, he has failed to challenge the adequacy of Alabama's post-deprivation remedies. (Doc. # 12 at 3-4). Finally, Defendants argue that Plaintiff's two state claims are due to be dismissed because they do not enjoy any independent federal jurisdictional basis and the court should decline to exercise supplemental jurisdiction over these claims. The court addresses each argument, in turn, and finds that Plaintiff's Complaint is due to be replead.

    **A.**    **Plaintiff Has Failed to Plausibly Plead a Section 1983 Procedural Due Process Claim.**

To properly allege a procedural due process claim, a plaintiff must plead: "'(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process.'" *Catron v. City of St. Petersburg*, 658 F.3d 1260, 1266 (11th Cir. 2011) (quoting *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)). Due process typically requires that any deprivation of "life, liberty, or property be preceded by notice and the opportunity for a hearing." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). "Generally, a public employee has a property interest in continued employment if state law or local ordinance in any way limits the power of the appointing body to dismiss an employee." *Ross v. Clayton Cnty., Ga.,* 173 F.3d 1305, 1307 (11th Cir.1999) (internal quotation marks omitted). Plaintiff alleges that the Town and Simms (in his individual capacity) deprived him of a protected property right -- *i.e.*, continued employment as the Chief of Police -- without due process.

The threshold question before the court is whether Plaintiff has sufficiently alleged that he had a protected property interest in his continued employment as the Chief of Police. A public employee's property interest in employment derives from "existing rules or understandings that stem from an independent source such as state law." *Maledy v. City of Enterprise*, 2012 WL 1028176, at *3 (M.D. Ala. Mar. 26, 2012) (quoting *Bd. of Regents of State Colleges v. Roth*, 408

U.S. 564, 577 (1972)). State statutes, regulations, and city ordinances may create a property interest. *Id*. Ultimately, a successful allegation of a procedural due process claim must reference the law that forms the basis of the plaintiff's property interest. *Id*.

Here, Plaintiff alleges that he "held a property interest in his position at the Town of Blocton," but references no basis supporting that allegation. (Doc. # 1 ¶ 30). To be clear, his Response to Defendants' Motion to Dismiss points to a portion of Alabama Code Section 11-43-4 (1975) as the foundation of his claimed property interest. That provision provides that "[t]he clerk and other such officers elected by the council shall serve until their successor or successors are elected and qualified." (Doc. 11 at 3-4). Plaintiff contends this provision creates a property interest in continued employment for at least the period between his date of termination and the date a successor was elected and qualified. *Id*. at 4. However, the court cannot consider this assertion on a motion to dismiss because it is "neither part of the complaint nor an attachment thereto." *Haddler v. Walker Cty., Ala.*, 2014 WL 2465322, at *4 (N.D. Ala. May 30, 2014). Plaintiff must amend his complaint and plausibly plead a basis (based upon this code section or allege some other plausible factual basis) to support his allegation that he held a protected property interest in his continued employment. Because he has, at least at this point, failed to include such a plausible allegation in his complaint, Plaintiff's due process claim must be replead.[1]

For the sake of clarity, the court will briefly address Defendants' chief argument as to why Plaintiff's due process claim should be dismissed—*i.e.*, that Plaintiff did not have an expectation of continued employment (and therefore enjoyed no protected property interest) upon the expiration of his term of office. (Doc. # 7 at 5-6; Doc. # 12 at 3-5). Defendants draw the court's

---

[1] Instead of granting Defendants' Motion to Dismiss, the court concludes the appropriate course here is to allow Plaintiff an opportunity to replead his procedural due process claim. *See* Federal Rule of Civil Procedure Rule 15(a)(2) ("The Court should freely give leave [to amend] when justice so requires.").

attention to Alabama Code Section 11-43-46 and argue that Plaintiff was simply not reappointed as Police Chief: "The council shall fix by ordinance the terms of service, not to exceed the term of the mayor, of all the officers appointed or elected whose terms are not prescribed by law." (Doc. # 7 at 5-6; *Id*. at 5). However, until Plaintiff amends his complaint and pleads a plausible basis for his allegation that he holds a protected property interest in his position as the Chief of Police, the court is unable to consider the question of whether he *actually* held that interest. Having said that, at least at this stage it appears that if Plaintiff does make such a plausible allegation, the question of whether he actually possessed a protected property interest may be an issue properly addressed at summary judgment, not a motion to dismiss. *Allred v. City of Carbon Hill*, 2013 WL 5532719, at *7 (N.D. Ala. Oct. 7, 2013).[2]

As to the remaining two elements -- state action and constitutionally inadequate process -- Plaintiff has plausibly stated a claim for relief. He alleges that despite municipal law requiring pre-termination procedures, Simms (and the Town) terminated him without cause, and with no written notice, hearing, or city council vote. (Doc. # 1 ¶¶ 15-20). In fact, Plaintiff alleges he "was not afforded a hearing whatsoever on the termination decision." (*Id.* at ¶ 21). He further asserts that when he requested a hearing after his termination, Simms declined his request and informed him that he was not fired, but instead, the town council had simply declined to reappoint him. (*Id.* at ¶¶ 22-24).

Alternatively, Defendants argue for dismissal because Plaintiff failed to challenge the adequacy of Alabama's post-deprivation remedies in his complaint. (Doc. # 12 at 3-4). Generally, deprivations of property rights do not constitute a procedural due process violation if an individual

---

[2] Again, the court notes that at present Plaintiff has failed to clear the initial hurdle of meeting the first element of a procedural due process claim—plausibly pleading that he enjoyed a protectable property interest. He must amend his complaint in that respect.

6

can pursue a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-544 (1981). Within the context of employment termination actions, the "root requirement" of due process is that "an individual be given an opportunity for a hearing *before* he is deprived of any significant property interest." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985). In other words, whether a pre-termination hearing was made available to an employee is a threshold inquiry of due process. *See McKinney v. Pate*, 20 F.3d 1550, 1561 (11th Cir. 1994) (en banc).

Finally, one point of clarification may be helpful. Defendants arguments suggest a misapprehension of the court's holding in *McKinney*. That is, they argue that regardless of whether a pre-termination hearing was held, a procedural deprivation does not become a procedural violation "unless and until the State of [Alabama] refuses to make available a means to remedy the deprivation." (Doc. # 12 at 3) (quoting *McKinney*, 20 F.3d at 1563). At least in the context of this dispute, the court disagrees. In *Loudermill*, the court upheld a pre-termination hearing requirement and found that the plaintiff should have explored state court post-deprivation remedies precisely because he was given a pre-termination hearing. *McKinney*, 20 F.3d at 1563. Here, Plaintiff has plausibly alleged the following facts that suggest he was denied a pre-termination hearing altogether: (1) he was not given written notice prior to his termination; (2) the decision was made without a city council hearing or a city council vote; and (3) he was not afforded a hearing whatsoever on the termination decision. (Doc. # 1 at ¶¶ 18-21). In other words, he alleges that he was not given notice <u>and</u> an opportunity to be heard before his discharge. And, assuming he has a protectable interest in continued employment, Plaintiff's due process claim based on Defendants' denial of a pre-termination hearing may proceed even "without [him] alleging that he availed

7

himself of all available state remedies." *Haddler v. Walker Cty., Ala.*, 2014 WL 2465322, at *5 (N.D. Ala. May 30, 2014).

B.  **Plaintiff's State Law Claims**

To reiterate, Plaintiff alleges that Simms and the Town (under the doctrine of *respondeat superior*) made defamatory statements about him to the Centreville Press, constituting defamation, libel, slander, and invasion of privacy. (Doc. # 1 ¶¶ 40-50). Plaintiff has since conceded that the Town cannot be liable for the intentional torts of its employees. (Doc. # 11 at 6) (citing *Brown v. City of Huntsville*, 608 F.3d 724, 743 (11th Cir. 2010); *Smith v. City of Sumiton*, 2013 WL 122627 (N.D. Ala. 2013)). Consequently, the court dismisses these two claims against the Town with prejudice.

Because there is no independent basis of jurisdiction over these claims between non-diverse parties, the court must determine whether to exercise its supplemental jurisdiction under 28 U.S.C. § 1367. Supplemental jurisdiction "reflects a dichotomy between a district court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)." *Parker v. Scrap Metal Processors, Inc.,* 468 F.3d 733, 742 (11th Cir.2006). Specifically, the court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). It remains to be seen whether Plaintiff can properly plead his federal claim. If his federal claim is properly plead, the court will evaluate whether it should exercise supplement jurisdiction over Plaintiff's state law claims at that time.

IV.  **Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is granted in part and denied in part without prejudice. The Motion is granted as to the state law claims against the Town. Thus,

Counts Two and Three against the Town are dismissed with prejudice. The court directs that, to the extent he wishes to pursue this case as to his remaining claims, Plaintiff must file an amended complaint within fifteen (15) days of the date of this Memorandum Opinion and accompanying Order.

**DONE** and **ORDERED** this October 4, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE